## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**THOMAS F. SPELLISSY,** *pro se,*

     **Plaintiff,**

**v.**                              **Case No.  8:10-cv-1070-T-30AEP**

**JAMES PETTIGREW, in his personal and
individual capacity, et al.,**

     **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Agent Calvert's Renewed Dispositive Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt. 30), Defendant James Pettigrew's Renewed Dispositive Motion to Dismiss (Dkt. 31), and Plaintiff's Response in Opposition (Dkt. 34).  The Court, having reviewed the motions, response, and being otherwise advised in the premises, concludes that the motions should be granted because Plaintiff's claims are barred by the *Heck* doctrine.

## BACKGROUND

Plaintiff Thomas Spellissy ("Spellissy"), who is proceeding in this case, *pro se*, was found guilty of conspiracy by a jury in May of 2006.  The conspiracy charge related to Spellissy's activities in inducing a public official, William E. Burke, at MacDill Air Force Base in Tampa to obtain work for private contractors that were clients of his company, Strategic Defense International, Inc.  Spellissy was sentenced to 15 months imprisonment, to be followed by two years of supervised release, and 150 hours of community service.

Spellissy appealed this judgment to the Eleventh Circuit, which affirmed his conviction and sentence.  After the Eleventh Circuit affirmed the conviction, Spellissy filed a number of motions attacking the judgment, all of which were denied or dismissed by the district court.  Moreover, the Eleventh Circuit has either denied Plaintiff's appeals or affirmed the district court's rulings.

Plaintiff's amended complaint filed in this case alleges claims against Defendants arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971) for their alleged wrongful actions in providing false information and statements to the federal prosecutor and district court in the criminal action, which violated his constitutional right to a fair trial and due process.

Defendants' move to dismiss Plaintiff's amended complaint based on the *Heck* doctrine and the doctrine of qualified immunity.

## DISCUSSION

Section 1983[1] plaintiffs may only "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" if they can demonstrate that the conviction or sentence has been invalidated.  *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  *Heck,* however, does not necessarily bar fourth amendment claims.  *See Hughes v. Lott,* 350 F.3d 1157, 1160 (11th Cir. 2003).  "Because an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for alleged Fourth Amendment violations does not

---

[1] The Eleventh Circuit has held "that the *Heck* rule applies to damages claims under *Bivens*." *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

necessarily imply the invalidity of a conviction." *Id.* Courts must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted. *Vickers v. Donahue,* 137 Fed. Appx. 285, 290 (11th Cir. 2005) (unpublished opinion) (citing *Hughes,* 350 F.3d at 1160 n. 2). Nonetheless, *Heck* does bar those claims that "if successful, would necessarily imply the invalidity of the conviction because they would negate an element of the offense." *Hughes,* 350 F.3d. at 1160 n. 2.

As to Defendant Calvert, Plaintiff asserts that Calvert withheld material evidence from the federal prosecutor and falsified evidence in the warrant, which deprived Plaintiff of a fair trial. These claims implicate the validity of Plaintiff's conviction and are therefore barred by *Heck*. Indeed, Plaintiff's amended complaint alleges that "[w]hile the search of Plaintiff's office did not result in a prosecution for violation of conflict of interest laws . . . the government believed it revealed evidence of a conspiracy . . ." (Dkt. 27, ¶14).

As to Defendant Pettigrew, Plaintiff asserts that Pettigrew provided false testimony when he testified as a witness for the prosecution in the criminal case, which deprived Plaintiff of a fair trial. Again, this claim implicates the validity of Plaintiff's conviction and is therefore barred by *Heck.*

Plaintiff has not alleged or demonstrated that his conspiracy conviction has been invalidated. A ruling in Plaintiff's favor would imply the invalidity of his conspiracy conviction since a favorable ruling would, in effect, mean the evidence against him was obtained in an unconstitutional manner. Thus, his claims are subject to summary dismissal on the authority of *Heck.*

Even assuming, *arguendo*, that Plaintiff's claims are not barred by *Heck*, the Court concludes that Defendants would be entitled to immunity. Plaintiff's allegations simply do not state a constitutional violation on the part of either Defendant. And Defendant Pettigrew would also be entitled to absolute immunity due to the common-law immunity for witnesses. *See Jones v. Luis*, No. 09-13557, 2010 WL 1476024, at *3 (11th Cir. April 14, 2010).

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Agent Calvert's Renewed Dispositive Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt. 30) is hereby GRANTED.

2.      Defendant James Pettigrew's Renewed Dispositive Motion to Dismiss (Dkt. 31) is hereby GRANTED.

3.      Plaintiff's amended complaint (Dkt. 27) is **DISMISSED** for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff re-filing the claims in a new action in the event he obtains an invalidation of his conspiracy conviction.

4.      The CLERK is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 20, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1070.mtsdismiss30and31.frm